38015.   FINLEY *v.* THE STATE.

DECIDED JANUARY 6, 1960—REHEARING DENIED
JANUARY 21, 1960.

Grovene James Finley, *pro se.*

*John H. Land, Solicitor-General,* contra.

GARDNER, Presiding Judge.   1. The evidence overwhelmingly supports the verdict of guilty as to the general grounds.

2.   Special ground 1 assigns error because it is alleged that

the court erred in failing to grant a mistrial for the reason that the sequestration rule was not followed properly. Code § 38-1703 reads: "In all cases either party shall have the right to have the witnesses of the other party examined out of the hearing of each other. The court shall take proper care to effect this object as far as practicable and convenient, but no mere irregularity shall exclude the witness." The objection was made because the sheriff talked to other witnesses. However, we wish to point out that the witnesses to whom the sheriff talked were witnesses who had already testified. The sheriff, who was a witness, was allowed to stay in the courtroom by consent. Moreover, the witnesses involved for the State were not called to the stand again. This special ground is not meritorious.

3. Special ground 2 assigns error because the court refused to grant a mistrial based on the ground that the solicitor-general referred to the defendant as "Lawyer Finley." It is held that such reference to the defendant held him up to ridicule. Under the record of this case, these references by the solicitor-general were provoked by the conduct and statement of the defendant when he returned to the stand to make an additional statement. The solicitor-general so explained in his argument. This special ground is without merit.

4. Special ground 3 assigns error because it is alleged that the court erred in denying a motion for a mistrial made by counsel for the defendant as follows: After the jury had been out approximately an hour and a half the court indicated an intention to call the jury back in. Counsel for the defendant stated: "I don't believe that the court should tamper with the jury or interfere with it or bring it in at this time to ask it any questions. I believe to do so would be improper and would be error. Once the jury gets the case, they should have it—until they either decide it or fail to decide it. I don't believe that the time has been spent. It has taken all—a little over a half of a day to try this case and I don't think that the time they have had it has been sufficient for them to decide it. If Your Honor should call them in then I will then make a motion for a mistrial." The court then gave instructions for the jury to come in. The court addressed the jury by asking: "Have you been able to

make a verdict yet?" The foreman answered: "We have not, Your Honor." The court then inquired as to whether or not a question of law or a question of fact was under consideration by the jury. The foreman of the jury replied that a question of evidence was involved. The court then said that the court could not assist the jury on a question of fact and inquired as to how the jury was divided numerically on the verdict. The foreman replied that it was divided 9 and 3. The court then instructed the jury to go back and see if they could make a verdict, whereupon the jury retired. Counsel for the defendant reiterated that he moved the court for a mistrial. The court denied the motion. Approximately thirty minutes later the jury returned with a verdict. Counsel for the defendant contends that such conduct on the part of the court deprived the defendant of a fair and impartial trial. It is the opinion of this court that such procedure on the part of counsel for the defendant was an attempt to conduct the proceeding of the case in a manner desired by counsel for the defendant who wanted his wishes as to procedure to take precedence over the manner in which the court desired to conduct the trial.

This ground certainly has no merit.

The court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*